FILED

OCT 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURJANT SINGH, | No. 09-72033 |
| Petitioner, | Agency No. A079-262-856 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2013[**]
San Francisco, California

Before: WALLACE, M. SMITH, and IKUTA, Circuit Judges.

Gurjant Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (Board) final order dismissing his appeal from the

Immigration Judge's (IJ) decision denying his asylum, withholding of removal,

and Convention Against Torture (CAT) claims. Adverse credibility findings are

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reviewed under the "highly deferential" substantial evidence standard and the Board's decision shall only be reversed if the petitioner shows that the evidence compels a contrary conclusion. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Here, the Board discussed specific inconsistencies in Singh's testimony, his applications for asylum and his witness's testimony.  First, numerous inconsistencies were present in his separate applications for asylum in Canada and the United States including the dates and lengths of his arrests in India. Second, Singh's testimony regarding the two applications was internally inconsistent. Material factual differences existed between his testimony and his Canadian asylum application regarding his alleged association with a militant group. Finally, there were inconsistencies between his testimony and his own witness's testimony pertaining to one of his arrests. Multiple inconsistencies taken together can "deprive the claim of the requisite ring of truth, thereby supplying substantial evidence that will sustain [an] adverse credibility determination."  *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (internal quotation marks omitted).  Because no reasonable factfinder would be compelled to reach the opposite conclusion, we hold that substantial evidence supports the Board's adverse credibility determination.

In the absence of Singh's testimony, substantial evidence supports the Board's determination that Singh failed to establish past persecution or a well-founded fear of future persecution from the Indian police, and therefore he is not eligible for asylum. *Valderrama v. I.N.S.*, 260 F.3d 1083, 1085 (9th Cir. 2001). A petitioner's failure to satisfy the standard applicable to asylum applications necessarily precludes his or her satisfying the more stringent standard for withholding of removal. *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003). Singh's withholding of removal claim therefore fails.

Singh's CAT claim is based on the same testimony that the Board found not credible, and he provides no additional evidence that the Board should have considered regarding the likelihood of torture if he is returned to India. Accordingly, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**